## AUGUST 1999 CALENDAR

**FROM: The District Court of the 20th Judicial District.
County of Lake.**

**STATE OF MONTANA,**
        **Plaintiff,**                 **NO. DC-96-63**
      **vs.**                               **DECISION**

**Aloysius D. Blackcrow,**
        **Defendant.**

On October 29, 1997, the defendant was sentenced to the following: Count I: forty (40) years in the Montana State Prison; Count II: forty (40) years in the Montana State Prison. The sentence imposed in Count II shall run consecutive to the sentence imposed in Count I. The defendant shall also be sentenced to ten (10) years in the Montana State Prison for the use of a weapon in the commission of the offense. This sentence shall run consecutive to the sentences imposed in Count I and II, for a total sentence of ninety (90) years, with none of the time suspended.

On August 19, 1999, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Ben Anciaux. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to confirm the prison commitment of forty (40) years on Count I and forty (40) years on Count II, and the ten year enhancement, but to suspend the weapons enhancement portion of that sentence. Conditions of the

suspension are that the defendant be placed under the supervision of the Department of Corrections Adult Probation and Parole, pay the mandatory surcharges and probation/supervision fee to the Clerk of Court in Polson, that the defendant be required to complete an ISP and/or Pre-Release program prior to discharge, that while on probation the defendant have no access to firearms or deadly weapons of any sort or ammunition, that he not possess or consume any alcoholic beverages and not enter any bars or casinos, that he submit to any random blood, breath, or urine screening for alcohol or drugs without a search warrant, that the defendant submit to search of personal residence or vehicle without a search warrant, that he have no contact or communication with victims or coactors, that the defendant obtain whatever chemical dependency or psychological evaluation as deemed necessary by his probation officer, and further, that the parole ineligibility period be reduced from 40 years to 20 years. Reasons for the amended sentence are that the panel feels that the concern for public safety should be addressed by making him parole eligible in twenty years and that after that point public safety concerns are out-weighed by the cost to the taxpayers to maintain this man in the level of security required by the prison. The length of the sentence should provide for public safety, in that if the defendant does not learn from this experience and violates probation he may be revoked and returned to prison.

Done in open Court this 19th day of August, 1999.

DATED this 27th day of August, 1999.

**Acting Chairman, Hon. Jeffrey H. Langton, Member, Hon. Marge Johnson and Alt. Member, Hon. Robert Boyd**